Filed 12/16/15  P. v. Sanudo CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>SILVESTRE CARVAJAL SANUDO,<br><br>　　　Defendant and Appellant. | B264241<br><br>(Los Angeles County<br>Super. Ct. No. BA337367) |

APPEAL from an order of the Superior Court of Los Angeles County, Craig J. Mitchell, Judge.  Affirmed.

Carlos Ramirez, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Silvestre Carvajal Sanudo was convicted of transportation of cocaine for sale in violation of Health and Safety Code section 11352 with a finding that the cocaine exceeded 10 kilograms by weight within the meaning of Health and Safety Code section 11370.4, subdivision (a)(3). Pursuant to the plea agreement, Sanudo was sentenced to 15 years in state prison on that charge.

On February 6, 2015, Sanudo filed a petition under Proposition 47, the Safe Neighborhoods and Schools Act (Pen. Code, § 1170.18), seeking to reduce his felony conviction under Health and Safety Code section 11352 to a misdemeanor. The trial court denied the petition, finding that Sanudo was not eligible for resentencing under Proposition 47. Sanudo timely filed a notice of appeal.

We appointed counsel to represent Sanudo on appeal. After examination of the record, counsel filed an opening brief that raised no issues. On August 20, 2015, we advised Sanudo by mail to the California Correctional Institution in Tehachapi (CCIT) that he had 30 days to submit any contentions or issues he wished us to consider. On September 4, 2015, CCIT returned the notice as "not deliverable," with a notation that Sanudo had been released from custody.

"Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) The drug-related offenses that are subject to reduction include violations of sections 11350, 11357, and 11377 of the Health and Safety Code. (*Rivera*, *supra*, at p. 1091.) Sanudo's conviction for transportation for sale of cocaine (Health & Saf. Code, § 11352) is not included and thus not eligible for reduction to a misdemeanor under Proposition 47.

We have examined the entire record and are satisfied that Sanudo's appellate attorney has fully complied with the responsibilities of counsel and that no arguable issues exist. (*Smith v.* Robbins (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

**DISPOSITION**

The order is affirmed.

BLUMENFELD, J.[*]

We concur:

PERLUSS, P. J.

ZELON, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.